UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
STEFAN PRYSTAWIK, *et al.*, :
: CASE NO. 1:13-CV-1336
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 5, 10, and 11]
EATON CORPORATION, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this employment discrimination case, Defendant Eaton Corporation moves the Court to dismiss Plaintiffs Stefan Prystawik and Cyrille Mvondo's (collectively "Plaintiffs") complaint for failure to state a claim upon which relief can be granted.[1] Plaintiffs oppose.[2] For the following reasons, the Court **GRANTS** the motion.

**I. Background**

Plaintiffs Stefan Prystawik and Cyrille Mvondo bring suit against Defendant Eaton Corporation for discrimination on the basis of national origin in violation of Title VII.[3]

On July 17, 2012, Mvondo filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Eaton Corporation discriminated against him on

---

[1] Doc. 5.
[2] Doc. 10.
[3] Doc. 1.

-1-

Case No. 1:13-CV-1336
Gwin, J.

the bases of race, national origin, and retaliation.[4]  The Charge makes no reference to Prystawik other than listing Mvondo's address as "C/O Prystawik & Associates" in Chicago, Illinois.[5]

On September 21, 2012, the EEOC dismissed the Charge and issued Mvondo a "Notice of Right to Sue" letter.[6]

On June 17, 2013, Plaintiffs Mvondo and Prystawik filed their *pro se* Complaint against Defendant Eaton Corporation.[7]  Plaintiffs say Mvondo suffered discrimination by his employer on the basis of his national origin in violation of Title VII.[8]

The Complaint contains no facts alleging that either of the Plaintiffs were employed by Defendant Eaton Corporation, are United States citizens, or worked in the United States for Defendant during the relevant time frame.[9]  The Complaint contains no factual allegations regarding Prystawik at all.[10]

On August 16, 2013, Defendant Eaton Corporation filed a motion to dismiss for failure to state a claim.[11]  Plaintiffs opposed.[12]  The motion is ripe.

**II. Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[4] Doc. 1; Doc. 6.
[5] Doc. 6.
[6] Doc. 6-1.
[7] Doc. 1.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Doc. 5-1.
[12] Doc. 10.

Case No. 1:13-CV-1336
Gwin, J.

as true, to 'state a claim for relief that is plausible on its face.' "[13] The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[14]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain ... a short plain statement of the claim showing that the pleader is entitled to relief."[15] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[16] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[ ] veracity" of "well-pleaded factual allegations."[17]

### III. Analysis

**A. Standing**

Article III limits the federal courts to the adjudication of actual cases and controversies.[18] "The core component of the requirement that a litigant have standing to invoke the authority of a federal court is an essential and unchanging part of the case-or-controversy requirement of Article III."[19] "The requisite elements of this core component derived directly from the Constitution are familiar: A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[14] *Id.*
[15] Fed.R.Civ.P. 8(a)(2).
[16] *Iqbal,* 556 U.S. at 678–79. (citations omitted).
[17] *Id.*
[18] U.S. CONST. art III.
[19] *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotation marks omitted).

Case No. 1:13-CV-1336
Gwin, J.

and likely to be redressed by the requested relief."[20] Plaintiff Prystawik does not allege that Defendant Eaton ever employed him or that he personally suffered any discrimination by Defendant Eaton Corporation. Therefore, Prystawik does not have standing to sue.

**B. Title VII**

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against individuals on the basis of their race or national origin.[21] Section 2000e–1(a) explicitly states that Title VII does not apply "to an employer with respect to the employment of aliens outside any State."[22] Title VII's requirement regarding extraterritorial application is an element that Plaintiffs are required to plead and prove.[23]

Here Plaintiffs' Complaint does not allege that Mvondo or Prystawik are United States citizens or were employed by Defendant Eaton Corporation in the United States.[24] The Court also notes that, while it only looks to the pleading in ruling on the instant motion to dismiss,[25] Plaintiffs admit in their untimely response to Defendant Eaton's motion to dismiss that Plaintiff Mvondo was only ever an employee of a German corporation taken over by Eaton.[26] Therefore, Plaintiffs cannot bring a claim under Title VII.

---

[20] *Id.*
[21] 42 U.S.C. § 2000e–2(a)(1).
[22] 42 U.S.C. § 2000e–1(a).
[23] *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247(2010) (noting that the question of extraterritorial application was a merits question not a question of jurisdiction).
[24] Doc. 1.
[25] *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir.1989).
[26] Doc. 10.

Case No. 1:13-CV-1336
Gwin, J.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: February 3, 2014                              s/          *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE